**EXHIBIT A**

| District Court, Jefferson County, Colorado<br>Court Address: 100 Jefferson County Parkway<br>Golden CO 80401<br>(303) 271-6145 | EFILED Document<br>CO Jefferson County District Court 1st JD<br>Filing Date: Jan 10 2012 12:30PM MST<br>Filing ID: 41787082<br>Review Clerk: Roxanna MLC |
|---|---|
| **Plaintiffs:**<br>**GLENN LOCKMON AND SHARON LOCKMON**<br>vs.<br>**Defendant:**<br>**DISCOVER BANK** | **COURT USE ONLY**<br>Case Number: 2012CV85<br>Division: |
| Tracey N. Tiedman #22326<br>WEISBERG & MEYERS, LLC<br>5363 S. Holland St.<br>Littleton, CO 80123<br>888-595-9111 ext. 215<br>866-565-1327 facsimile<br>ttiedman@AttorneysforConsumers.com<br>Attorney for Plaintiffs | |

**COMPLAINT AND JURY DEMAND**

**NATURE OF ACTION**

1. This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION**

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3).

**PARTIES**

3. Plaintiffs GLENN LOCKMON AND SHARON LOCKMON ("Plaintiffs") are natural persons who at all relevant times resided in the State of Colorado, County of Jefferson and City of Littleton.

4. Defendant DISCOVER BANK ("Defendant") is a Delaware corporation with its

principal place of business in Greenwood, Delaware.

## FACTUAL ALLEGATIONS

5. On March 2, 2011, Plaintiffs, via their counsel, sent Defendant a written communication, notifying Defendant of counsel's representation and reading in part:

> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them. We reserve the right to seek injunctive relief and damages under federal and state law should you fail to honor these directives.

A copy of that letter is attached to this Complaint as Exhibit A.

6. Despite receipt of the March 2, 2011 demand to cease and desist contacting Plaintiffs for any reason, Defendant placed multiple non-emergency telephone calls to Plaintiffs' cellular telephone, without the prior express consent of Plaintiffs (any such consent, if it existed, having been expressly revoked by written notice from Plaintiffs' counsel on March 2, 2011), using an automatic telephone dialing system and/or a pre-recorded voice, including, but not limited to, calls placed on numerous occasions between July 13, 2011 and August 8, 2011.

7. On August 11, 2011, Plaintiffs again, via their counsel, sent Defendant a written communication, this time via facsimile, notifying Defendant of counsel's representation with respect to a separate account and reading in part:

> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them. We reserve the right to seek injunctive relief and damages under federal and state law should you fail to honor these directives.

A copy of that letter is attached to this Complaint as Exhibit B.

8. Despite receipt of this second demand to cease and desist contacting Plaintiffs for any reason, Defendant placed multiple non-emergency calls to Plaintiffs' cellular telephone,

without the prior express consent of Plaintiffs (any such consent, if it existed, having been expressly revoked by written notice from Plaintiffs' counsel on March 2, 2011 and August 11, 2011), using an automatic telephone dialing system and/or a pre-recorded voice, including, but not limited to, calls on: August 14, 2011 at 8:14 A.M. and 10:15 A.M., August 15, 2011 at 8:51 A.M., 11:35 A.M., and 1:36 P.M., August 16, 2011 at 8:31 A.M., 11:16 A.M., and 1:15 P.M., August 17, 2011 at 8:19 A.M., August 18, 2011 at 8:22 A.M. and 12:59 P.M., September 8, 2011 at 10:45 A.M. and 3:45 P.M.

9. Upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system and/or a pre-recorded voice to make and/or place multiple additional telephone calls, in addition those enumerated herein, to Plaintiffs' cellular telephone number.

**COUNT I**
**VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)**

10. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 9 above.

11. 47 U.S.C. § 227(b)(1)(A)(iii) provides:

> *(b) Restrictions on use of automated telephone equipment*
>
> (1) Prohibitions
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other

> radio common carrier service, or any service for which the called party is charged for the call.

12. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiffs' cellular telephone, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or a pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

**TRIAL BY JURY**

Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 10th day of January, 2012.

/s/ Tracey Tiedman
Tracey N. Tiedman #22326
WEISBERG & MEYERS, LLC
5363 S. Holland St.
Littleton, CO 80123
888-595-9111 ext. 215
866-565-1327 facsimile
ttiedman@AttorneysforConsumers.com
Attorney for Plaintiffs

# EXHIBIT "A"

EFILED Document
CO Jefferson County District Court 1st JD
Filing Date: Jan 10 2012 12:30PM MST
Filing ID: 41787082
Review Clerk: Roxanna M C

EXHIBIT "A"

**WEISBERG & MEYERS, LLC**
**ATTORNEYS FOR CONSUMERS**
(PLEASE DIRECT MAIL TO OUR CORPORATE OFFICE IN PHOENIX)
5025 NORTH CENTRAL AVE, #602
PHOENIX, ARIZONA 85012
503-376-6774
888-595-9111 (TOLL FREE)
866-565-1327 FACSIMILE
WWW.ATTORNEYSFORCONSUMERS.COM

EXTENSION: 215
E-MAIL: TTIEDMAN@ATTORNEYSFORCONSUMERS.COM

WRITER LICENSED IN:
COLORADO

March 2, 2011

Discover
P.O. Box 10475
Des Moines, IA 50306

RE: Sharon & Glenn Lockmon
10430 W. Vermillion Dr.
Littleton CO 80127
Account #: 4428135018504274

To Whom It May Concern:

Please be advised that this office represents the above-named individual regarding the aforementioned account.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them. We reserve the right to seek injunctive relief and damages under federal and state law should you fail to honor these directives.

The purpose of this letter is to begin a settlement dialogue. However, prior to recommending any settlement, we first need validation of the subject account, including a full accounting history (e.g., principal, interest, collection fees, payments made, etc.). Until this full accounting is provided, you are to consider this debt disputed and to govern yourself accordingly (for example, but not limitation, to cease collection efforts until the debt is validated and to update any credit reporting as such).

Although at this time our notice of representation pertains to negotiating a resolution of this alleged debt, our client has authorized us to review the collection activity of all creditors and collectors with whom he/she is dealing to determine if all relevant state and federal collection, credit reporting, credit billing and lending laws have been complied with. This may include a review of our client's collection notes and logs, if any, phone recordings, if any, and your collection file should this matter go to suit to collect the alleged debt. Should any violations be found to have occurred, you are advised this Office has been directed to prosecute any such claims to the fullest extent possible and to seek the maximum damages available under the law, including payment of

our attorney fees pursuant to fee shifting provisions found under state and federal consumer protection laws.

Please provide the aforementioned accounting, along with your current settlement demand as soon as possible so we can determine if this account is appropriate for settlement. We hope this matter can be resolved amicably for our client's benefit, as well as yours.

Best regards,

Tracey Tiedman
Attorney at Law

cc: Sharon & Glenn Lockmon

# EXHIBIT "B"

EFILED Document
CO Jefferson County District Caurt 1st JD
Filing Date: Jan 10 2012 12:30PM MST
Filing ID: 41787082
Review Clerk: Roxanna M C

**WEISBERG & MEYERS, LLC**
**ATTORNEYS FOR CONSUMERS**
(PLEASE DIRECT MAIL TO OUR CORPORATE OFFICE IN PHOENIX)
5025 NORTH CENTRAL AVE. #602
PHOENIX, ARIZONA 85012
503-376-6774
888-595-9111 (TOLL FREE)
866-565-1327 FACSIMILE
WWW.ATTORNEYSFORCONSUMERS.COM

EXTENSION: 215
E-MAIL: TTIEDMAN@ATTORNEYSFORCONSUMERS.COM

WRITER LICENSED IN:
COLORADO

*Via Fax (801) 902-4650*

August 11, 2011

Discover
P.O. Box 10475
Des Moines, IA 50306

RE: Sharon & Glenn Lockmon
10430 W. Vermillion Dr.
Littleton CO 80127
Account #: ending 0449

To Whom It May Concern:

Please be advised that this office represents the above-named individual regarding the aforementioned account.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them. We reserve the right to seek injunctive relief and damages under federal and state law should you fail to honor these directives.

The purpose of this letter is to begin a settlement dialogue. However, prior to recommending any settlement, we first need validation of the subject account, including a full accounting history (e.g., principal, interest, collection fees, payments made, etc.). Until this full accounting is provided, you are to consider this debt disputed and to govern yourself accordingly (for example, but not limitation, to cease collection efforts until the debt is validated and to update any credit reporting as such).

Although at this time our notice of representation pertains to negotiating a resolution of this alleged debt, our client has authorized us to review the collection activity of all creditors and collectors with whom he/she is dealing to determine if all relevant state and federal collection, credit reporting, credit billing and lending laws have been complied with. This may include a review of our client's collection notes and logs, if any, phone recordings, if any, and your collection file should this matter go to suit to collect the alleged debt. Should any violations be found to have occurred, you are advised this Office has been directed to prosecute any such claims to the fullest extent possible and to seek the maximum damages available under the law, including payment of

our attorney fees pursuant to fee shifting provisions found under state and federal consumer protection laws.

Please provide the aforementioned accounting, along with your current settlement demand as soon as possible so we can determine if this account is appropriate for settlement. We hope this matter can be resolved amicably for our client's benefit, as well as yours.

Best regards,

Tracey Tiedman
Tracey Tiedman
Attorney at Law

cc: Sharon & Glenn Lockmon